### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| TERICE POLK, on behalf of herself and all other persons similarly situated known and unknown, | ) ) ) ) | FILED: MARCH 20, 2008<br>08CV1652          NF<br>JUDGE   KENNELLY |
| Plaintiff, | ) ) | MAGISTRATE JUDGE VALDEZ |
| v. | ) ) |  |
| EUGENE BANKS and TIGER FIGHTING ACADEMY, | ) ) ) |  |
| Defendants. | ) | **JURY DEMANDED** |

### COMPLAINT

**NOW COMES** Plaintiff, TERICE POLK, by and through her undersigned attorney, ARTHUR R. EHRLICH of GOLDMAN & EHRLICH, and as her complaint against Defendants EUGENE BANKS and TIGER FIGHTING ACADEMY, states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay all overtime wages to Plaintiff for all time worked in excess of forty (40) hours in individual work weeks.  Plaintiff also brings claims under the minimum wage provisions of the IMWL for Defendants' failure to pay Plaintiff minimum wages far all time she worked and under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.*  ("IWPCA"), for Defendants' failure and refusal to pay Plaintiff for all time she worked.

### THE PARTIES

2.     Plaintiff TERICE POLK, is a resident of Chicago, Cook County, Illinois.

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06187364

3.    From May 2007 until February of 2008, Plaintiff was employed by Defendants as an "employee" as defined by Section 3(d) of the IMWL, 820 ILCS 105/3, and Section 3(e)(I) of the FLSA, 29 U.S.C. §203(e)(1).

4.    During the course of her employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/1 *et seq.*, or the FLSA, 29 U.S.C. §207.

5.    During the course of her employment, Plaintiff engaged in commerce and handled goods, including uniforms, shoes, videos, and other merchandise sold by Defendants to its customers, which moved in and were produced in interstate commerce.

6.    Defendant EUGENE BANKS owned and operated a Karate school that did business under the name of TIGER FIGHTING ACADEMY.   On information and belief, TIGER FIGHTING ACADEMY is not a corporation and is solely owned and operated by Defendant BANKS.  Defendants do business in and reside in Chicago, Illinois.  Defendants are an "enterprise" as defined by Section 3(r)(1) of the FLSA, 24 U.S.C. § 203(r)(1), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

7.    Defendants were Plaintiff's "employer" within the meaning of 820 ILCS 105/3 of the IMWL and Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

8.    This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C § 1331, arising under 24 U.S.C. § 2 f 6(b).  Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.   This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06187364

## COUNT I

### Violation of the Fair Labor Standards Act - Overtime Wages

9.      Plaintiff hereby realleges and incorporates paragraphs 1 through 8 of this Complaint, as paragraph 9, as though fully set forth herein.

10.      This Count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff for all time worked.

11.      Beginning on or about June 11, 2007, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours per week. She worked more than eight (8) hours a day Monday through Friday, and worked additional hours on at least one Saturday each month.

12.      Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, she was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay.

13.      Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

14.      Defendants' failure and refusal to pay overtime wages for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 24 U.S.C. § 207.

15.      Defendants' failure and refusal to pay overtime wages for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

16.      Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants have willfully failed and refused to pay them overtime wages for work in excess of forty (40) hours per week.

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

17.     Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other non-exempt employees overtime wages for time worked in excess of forty (40) hours per week.

18.     Plaintiff requests a trial by jury.

**WHEREFORE,** Plaintiff requests that a judgment be entered against Defendants and in favor of Plaintiff, and that the following relief be awarded:

a.     a judgment in the amount of one and one half times Plaintiff's hourly wage rate for the amount she worked in excess of forth (40) hours each week;

b.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

c.     reasonable costs and attorneys' fees incurred in filing and prosecuting this action pursuant to statute; and

d.     such other relief as this Court deems just and appropriate.

## COUNT II

### Violation of the Illinois Minimum Wage Law - Overtime Wages

1-18.   Plaintiff hereby realleges and incorporates paragraphs 1 through 18 of Count I, above, as ¶¶ 1-18 of this Count II, as though fully set forth herein.

19.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

20.     The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law.  820 ILCS 105/4a.  Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06187364

4

21.    At all relevant times herein, Defendants were Plaintiff's "employer" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

22.    Pursuant to 8201LC5 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times her regular hourly rate of pay for time worked in excess of forty (40) hours per week.

23.    Plaintiff worked two (2) hours on February 16, 2008, and eleven (11) hours on February 18, 2008.  Defendants have failed and refused to pay Plaintiff for any of the time she worked on these dates in violation of minimum wage laws, 820 ILCS 105/4, and in violation of Illinois law, 820 ILCS 115/3 and 115/5, requiring that employees receive their final paycheck within one pay period of their last date of employment.

24.    Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times her regular hourly rate of pay for time worked in excess of forty (40) hours per week.

25.    Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages from June of 2007 through February 18, 2008, and unpaid wages for February 16 and February 18, 2008, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

26.    Plaintiff requests a trial by jury.

**WHEREFORE**, Plaintiff requests that a judgment be entered against Defendants and in favor of Plaintiff, and that the following relief be awarded:

a.    a judgment in the amount of one and one half times Plaintiff's hourly wage rate for the amount she worked in excess of forty (40) hours each week;

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

b.    punitive damages in an amount equal to two percent (2%) of (the amount

of unpaid compensation found due;

c.    reasonable costs and attorneys' fees incurred in filing and prosecuting this

action pursuant to statute; and

d.    such other relief as this Court deems just and appropriate.


/s/ Arthur R. Ehrlich
Arthur R. Ehrlich of GOLDMAN & EHRLICH

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06187364